UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES SIMMONS, on behalf of Himself and others similarly situated, ) | CASE NO. 1:21-cv-02358 |
| ) | |
| Plaintiff, ) | SENIOR JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| -v- ) | |
| ) | **ORDER OF DISMISSAL AND** |
| HENKEL US OPERATIONS CORPORATION, ) | **APPROVING SETTLEMENT** |
| ) | |
| Defendant. ) | |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement"), the Individual Settlement Agreement and Release and the Declaration of Lori M. Griffin, and due cause appearing therefore, it is hereby Ordered and Adjudged as follows:

1. On December 17, 2021, Representative Plaintiff Charles Simmons filed this Action alleging that Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 alleging violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. Specifically, Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and other non-exempt manufacturing employees for work that they performed before and after their scheduled shift start and stop times, including, but not limited to: a) changing into and out of their personal protective equipment, including a uniform, gloves, sleeves, boots, safety glasses, earplugs, a hairnet, an apron, and/or a Tyvek suit; b) getting tools and equipment, including

scrapers, tape measurers, knives, sample takers, steel brushes, cleaning solutions and/or acrylics; and c) walking to and from their assigned area of the manufacturing floor.

3. Defendant answered Plaintiff's Complaint denying liability and disputing the damages asserted by Plaintiff.

4. On April 20, 2022, the Parties filed a Joint Stipulation to Conditional Certification and Notice for the following class of individuals:

> All current and former non-exempt manufacturing employees of Henkel US Operations Corporation who were employed at Henkel's Cleveland, Ohio facility at any time between the period beginning three years prior to the date the Court approves conditional certification and the present.

5. On April 21, 2022, the Court approved Plaintiff's proposed Notice.

6. On May 12, 2022, the Notice was mailed out to 234 putative class members. The first Notice Period closed on June 27, 2022. On July 19, 2022, the Notice was emailed to 13 putative class members whose Notice was returned as undeliverable. The second Notice Period closed on August 18, 2022. In addition to Representative Plaintiff, 21 individuals opted-in to the case.

7. On July 27, 2022 and August 19, 2022, Defendant produced the time and pay records for Plaintiffs.

8. The Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

9. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA

10. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on November 22, 2022, on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation.  Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Existing Opt-In Party Plaintiffs.  The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

12. The Court approves the Agreement and its Exhibits, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Settlement as to the Representative Plaintiff and the Opt-In Party Plaintiffs.

13. The Court finds that the proposed allocation and calculation of the Individual Payments to Class Members are fair and reasonable.  The Court approves the method of calculation and proposed distribution of the Individual Payments.  The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Opt-In Party Plaintiffs and the Individual Payments.  The Court approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. The Court approves the Class Representative Payment to Representative Plaintiff

Charles Simmons in recognition of his service in the Action, and orders that such payment be made in the manner, and subject to the terms and conditions set forth in the Settlement Agreement.

15. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

16. The above case is hereby DISMISSED WITH PREJUDICE; each Party to bear their own attorneys' fees and costs except and otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this __3rd__ day of __January__, 2023

*Christopher A. Boyko*
_____
SENIOR JUDGE CHRISTOPHER A. BOYKO